# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION



**FILED**

**January 8, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **SHEDRICK CARRUTHERS,** | ) | |
| | ) | |
| Appellant, | ) | C. C. A. NO. 02C01-9703-CR-00112 |
| | ) | |
| vs. | ) | SHELBY COUNTY |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable John P. Colton, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction: Aggravated Rape) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

Shedrick Carruthers, Pro Se          John Knox Walkup
N.E.C.C. ANNEX                       Attorney General & Reporter
P.O. Box 5000
Mountain City, 37683-5000            Clinton J. Morgan
                                     Counsel for the State
                                     450 James Robertson Parkway
                                     Nashville, TN 37243-0493

                                     William L. Gibbons
                                     District Attorney General

                                     Alanda Horne
                                     Assistant District Attorney General
                                     Criminal Justice Complex, Suite 301
                                     201 Poplar Avenue
                                     Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. On May 10, 1990, the petitioner pled guilty to aggravated rape and was sentenced to seventeen years imprisonment. No appeal was taken. On January 28, 1997, the petitioner filed a petition for post-conviction relief alleging an invalid indictment. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

Pursuant to T.C.A. § 40-30-202(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). Judgment in this case became final on May 10, 1990, and the petitioner did not file his petition for post-conviction relief until January 28, 1997. Accordingly, his petition is clearly barred by the statute of limitations.

We conclude, therefore, that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
PAUL G. SUMMERS, JUDGE

CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE